nancy

IN THE MATTER OF THE     UNITED STATES DISTRICT COURT
STATE OF LOUISIANA
SEEKING A COURT ORDER     FOR THE
FOR VA PATIENT RECORDS
PURSUANT TO 38 USC 7332     WESTERN DISTRICT OF LOUISIANA

DOCKET NO. **MISC. 04 10**

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED
MAR 2 3 2004
ROBERT H. SHEMWELL, CLERK
BY_____
DEPUTY

NOW INTO COURT comes the State of Louisiana, through the undersigned Assistant District Attorney, who respectfully moves the court as follows:

1.

On June 4, 2003, GLORIA GREEN complained to the Shreveport Police Department that her former live-in boyfriend, a known suspect who will be called "John Doe" for purposes of this motion, a b/m, DOB 2-10-55, intentionally exposed her to the AIDS Virus in violation of R.S. 14:43.5, a copy of which is attached hereto as Exhibit A.

2.

GREEN advised investigators that she had a sexual relationship with DOE for two years, and during that period of time he never disclosed that he had AIDS.

3.

As proof of his infection, GREEN provided investigators with documents she found in the home she shared with DOE presumably from the Veteran's Administration.

4.

Those documents indicate that DOE was diagnosed HIV+ as early as the summer of 2001.

5.

Due to the nature of the felonious infraction, and the fact that the last known address of DOE may or may not be accurate, the undersigned has not and will not

(1)

undertake the time and expense associated with obtaining a waiver from DOE for the State of Louisiana to secure his entire medical file from the Veteran's Administration.

6.

38 U.S.C. 7332 governs the confidentiality of patient records held by the Secretary of the Department of Veteran's Affairs, and generally prohibits the release of any such records absent patient consent. However, subsection (b)(2)(D) provides that

"whether or not any patient…gives written consent, the content of such record may be disclosed by the Secretary…if authorized by an appropriate order of a court of competent jurisdiction granted after application showing good cause therefore."

7.

The State of Louisiana alleges that the enforcement of a felony criminal statute against a convicted felon (DOE has a 1999 Louisiana felony conviction for drug violations and a similar felony conviction in Mississippi) who intentionally exposed another human being to the potentially fatal AIDS Virus, particularly when there is clearly probable cause to believe the felon is so infected, outweighs any possible injury which may result from the disclosure, and also outweighs any interest he may have in the physician-patient privilege.

8.

Should the records requested be released to the State of Louisiana, the State prays, pursuant to subsection (b)(2)(D) that the order for disclosure prohibit the dissemination for any purpose other than furtherance of the criminal prosecution against DOE, or to any other disclosure necessary to comply with the rules of discovery.

9.

Assistant United States Attorney John Broadwell represents the Veteran's Administration in this matter, has been consulted by the undersigned Assistant District Attorney in regard to this motion, and requests that he be consulted by the Clerk of Court in relation to scheduling an in camera hearing pursuant thereto.

WHEREFORE, the State of Louisiana prays that after due proceedings, the court order the Secretary of Veteran's Affairs to release the records requested for the purpose herein specified.

Respectfully Submitted,

_____
HUGO A. HOLLAND, JR.
Assistant District Attorney, 18733
First Judicial District of Louisiana
501 Texas Street
Shreveport, LA  71101
(318) 226-5909
FAX (318) 226-5906

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing has been forwarded to Mr. Patrick Keen, Regional Counsel, Veteran's Administration, 510 E. Stoner, Shreveport, LA, 71101, and to AUSA John Broadwell at the Federal Courthouse in Shreveport, Louisiana, by United States Mail, first class postage prepaid, on the date stamped above.

_____
Hugo A. Holland, Jr.
Assistant District Attorney
1st Judicial District of Louisiana

# EXHIBIT A

## La. R.S. 14:43.5 (2003)

§ 43.5 Intentional exposure to AIDS virus

A. No person shall intentionally expose another to any acquired immunodeficiency syndrome (AIDS) virus through sexual contact without the knowing and lawful consent of the victim.

B. No person shall intentionally expose another to any acquired immunodeficiency syndrome (AIDS) virus through any means or contact without the knowing and lawful consent of the victim.

C. No person shall intentionally expose a police officer to any AIDS virus through any means or contact without the knowing and lawful consent of the police officer when the offender has reasonable grounds to believe the victim is a police officer acting in the performance of his duty.

D. For purposes of this Section, the following words have the following meanings:

(1) "Means or contact" is defined as spitting, biting, stabbing with an AIDS contaminated object, or throwing of blood or other bodily substances.

(2) "Police officer" includes a commissioned police officer, sheriff, deputy sheriff, marshal, deputy marshal, correctional officer, constable, wildlife enforcement agent, and probation and parole officer.

E. (1) Whoever commits the crime of intentional exposure to AIDS virus shall be fined not more than five thousand dollars, imprisoned with or without hard labor for not more than ten years, or both.

(2) Whoever commits the crime of intentional exposure to AIDS virus against a police officer shall be fined not more than six thousand dollars, imprisoned with or without hard labor for not more than eleven years, or both.

**HISTORY:** 1993 Acts, No. 411 (HB 335), § 1, eff. Aug. 15, 1993

RECEIVED
MAR 23 2004
ROBERT H. SHEMMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

| | |
|---|---|
| IN THE MATTER OF THE STATE OF LOUISIANA SEEKING A COURT ORDER FOR VA PATIENT RECORDS PURSUANT TO 38 USC 7332 | UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF LOUISIANA |

DOCKET NO. _____MISC____ 04  10

## O R D E R

Considering the above and foregoing,

IT IS HEREBY ORDERED that the Veteran's Administration show cause on the _____ day of _____, 2004, in chambers, why the records requested by the State of Louisiana should not be disclosed by the Secretary of the Department of Veteran's Affairs.

Thus done and Signed in Shreveport, Louisiana on this the _____ day of _____, 2004.

_____
Judge
United States District Court
Western District of Louisiana